IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO. 2:17-cv-01884-DCN

| | |
|---|---|
| JOE FORD and FOY FORD, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEORETOWN COUNTY SCHOOL DISTRICT, RANDALL DOZIER, SUPERINTENDENT, ZELMA F. CARR, PAT DELOEONE, JIM DUMM, SARAH F. ELLIOTT, SANDRA JOHNSON, RICHARD KERR, ARTHUR LANCE, ELERY LITTLE and JOHNNY WILSON, in their official and individual capacity, <br><br> Defendants. | **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiffs, complaining of the Defendants, allege and say:

## I. INTRODUCTION AND JURISDICTION

1.      This action is brought pursuant to 42 U.S.C §1983 ("1983), and the First and Fourteenth Amendments to the United States Constitution.  Plaintiffs contend that they were wrongfully threatened with legal action if they exercised their First Amendment rights in the Georgetown County School District.

2.      This Court has jurisdiction over this action under 28 U.S.C. §1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

3.      Venue is proper in this Court under 28 U.S.C. §1391(b) (1) and (2), since Defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

## II. PARTIES

4.      Plaintiffs Joe Ford and Foy Ford are citizens and residents of Georgetown County, South Carolina.

5.      Defendant Georgetown County School District operates the public schools in the County.

6.      Defendant Randall Dozier was at all times relevant the Superintendent of the Defendant Georgetown County School District. Zelma F. Carr, Pat DeLoenoe, Jim Dumm, Sarah F. Elliott, Sandra Johnson, Richard Kerr, Arthur Lance, Elery Little and Johnnie Wilson were members of the School Board for Georgetown County School District during the relevant time period.

## III. FACTS

7.      The Plaintiffs were volunteers at Waccamaw High School ("WHS") beginning in 2003. They served in this capacity without complaint.

8.      During the school year 2012-2013, Plaintiff Foy Ford was the theatre manager of a local non-profit community theatre and was responsible for the operations of budget and oversight of more than $100,000 of liquid assets. She also served as the President of the WHS Cheer Booster Club ("CBC") and had been elected by the Cheer parents for several consecutive years to serve in that position.

9.      Plaintiff Joe Ford is an engineer and general contractor building custom homes and doing custom renovations in the community. Joe Ford was a volunteer WHS Assistant Wrestling

Coach from the team's inception in 2007 and was given a part-time paid position as Assistant Wresting Coach in the Fall of 2012. He also volunteered with the CBC.

10.     Both Plaintiffs also volunteered in numerous other activities at WHS as well and were often called on by Principal, David Hamel, whenever he needed assistance.

11.     The CBC was organized in 2006 due to the fact that the cheerleader parents did not feel that the WHS Athletic Booster Club or the School District was able to provide all of the funding needed to having a quality cheerleading program.

12.     The CBC is a private, volunteer entity with its own Federal Tax ID number and was created for the sole purpose of raising funds to support cheerleading activities related to, among other things, cheerleading equipment, camps, events and training.

13.     The WHS Athletic Booster Club ("ABC") is a private, volunteer entity with its own Federal Tax ID number with the purpose of raising funds to support sports activities at WHS.

14.     Neither the ABC not the CBC had any contracts or agreements with the School District or each other and the School District did not have any policy regarding the operations of booster clubs until September, 2014. Numerous other booster clubs existed and operated throughout the School District and at WHS using the school name as a part of their name, including a Band Booster Club and Baseball Booster Club also known as the Diamond Club.

15.     Three Title IX grievances were filed by the Plaintiffs against the School District based on disparate treatment afforded to the CBC. They are as follows:

> May 5, 2013 – complaint filed for the Principal denying cheerleaders access to their equipment and refusal to approve a fundraiser;
>
> August 20, 2013 – complaint filed after informing the Superintendent that the Principal refused to approve the fundraiser without getting any results;

3

August 23, 2013 – complaint filed complaining that the Principal imposed additional requirements on the CBC for a fundraiser and precluded cheerleaders from fair and equal access to the gym.

16. On or about November 26, 2013, the Principal removed the operations of the gymnasium concession stand from the cheerleading team and banned the Plaintiffs from volunteering at the stand. Plaintiffs were told by the cheerleading coach that the Principal stated that the Plaintiffs could not return to the campus and, if they did, that they would be trespassing. After being told by a school employee, the school cheerleading coach who reports to the Principal and who had apparent authority to relay the ban to them, the Plaintiffs did not thereafter engage in any volunteer activities at the school. As a result, Plaintiffs were prohibited from associating with members of the community with whom they had enjoyed years of volunteering at the high school.

17. Plaintiffs are upstanding citizens in their community with a long history of volunteer work with Waccamaw High School. The prohibition imposed upon them deprived them of the opportunity to contribute to their community and caused them embarrassment and humiliation. The prohibition imposed was retaliatory and punitive.

18. From October 19, 2013, Plaintiff Joe Ford posted comments on a local newspaper Facebook page which criticized the professional performance and conduct of School District officials, including Defendant Superintendent Dozier. The comments posted by the Plaintiff were true and protected speech. Defendant Dozier had specific knowledge that the comments posted by the Plaintiff were truthful and knew, or should have known, that such comments were protected speech.

19. On November 8, 2013, Dozier had Andrea White, the Attorney for the School District, send Plaintiffs a letter in response to three Title IX complaints the Plaintiffs had filed with the School District on May 5, 2013, August 20, 2013 and August 23, 2013. In that letter, the

4

Defendants included a threat of legal action, including monetary damages, against the Plaintiffs if the Plaintiffs continued to post comments about school officials on the internet.

20.    Plaintiffs filed a Title IX complaint with the Office of Civil Rights. The OCR conducted an investigation and requested certain information from the school Superintendent.

21.    Plaintiffs received on July 15, 2014 a copy of a letter from the OCR which indicated that the November 8, 2013 letter was issued with the specific intent to prevent the Plaintiffs from posting comments critical to school officials when they threatened the Plaintiffs with legal action for posting comments on the internet.

22.    Based on information obtained from a Freedom of Information request, a review of e-mails between the Superintendent, School Board members and their counsel suggest that the November 8, 2013 letter received the approval of School Board members. There is no record that any official meeting was called or any minutes reflect an open discussion about the matter. However, e-mail comments from Defendants Johnson, Lance and Wilson indicate a clear approval of the threats to the Plaintiffs if they exercised their First Amendment rights.

23.    On or about October 30, 2014, the Plaintiffs received a certified letter from Andrea White, without explanation, which was a "modified letter" which repeated the November 8, 2013 letter with the exception that the illegal threat of legal action against the Plaintiffs was removed. The threat of legal action was retracted. However, for more than a year, Plaintiffs had exercised restraint in their First Amendment rights for fear that the members of the School Board and Superintendent would utilize the resources of the Government to suppress them in their exercise of their First Amendment rights. Plaintiffs supplied the individual Defendants with information to assure them that the comments that had been posted by the Fords were truthful and protected by

5

the Constitution. No action was taken by any of the individual Defendants to address the issues, to the best of Plaintiffs' knowledge.

## IV.  CLAIMS FOR RELIEF

### First Amendment – Freedom of Association

24.    Paragraphs 1 through 24 are realleged herein.

25.    Defendants violated the rights of the Plaintiffs under Title IX by banning them from the Waccamaw High School campus and prohibiting them from engaging in the volunteer activities at the school which they had done for a number of years.

26.    The Plaintiffs, leaders in the community and dependable, reliable volunteers at the school, were humiliated and embarrassed by this unlawful conduct and seek appropriate injunctive relief and damages. The actions of Defendants to ban Plaintiffs from the campus violated their rights to freedom of association under the First Amendment to the United States Constitution.

### First Amendment – Freedom of Speech

27.    Paragraphs 1 through 26 are realleged herein.

28.    Defendants engaged in and conspired to threaten the Plaintiffs with legal action if they continued to post information about the school system or comment publicly about the school system.

29.    On July 15, 2014, Plaintiffs received copies of information indicating that the Superintendent and the School Board members had engaged in a conspiracy to silence the Plaintiffs in their attempts to publicly discuss the issues which arose in the context of some Title IX complaints that had been filed with the Office of Civil Rights by the Plaintiffs. The November 8, 2013 letter was sent with the express intention of preventing the Plaintiffs from exercising their First Amendment right to criticize government without fear of retribution by government officials.

6

These actions by the Defendants, in their individual and official capacity, violated the Plaintiffs' First Amendment rights, Fourteenth Amendment rights and the First Amendment to the United States Constitution. The actions of Defendants caused them damages for pain and suffering.

## V. JURY TRIAL DEMAND

30. Plaintiffs hereby demand a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the retaliatory action taken by the Defendants be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants and at their direction from engaging in the unlawful practices set forth herein and any other violations of the First Amendment;

c. Award Plaintiffs compensatory damages for pain and suffering and infliction of emotional distress;

d. Award Plaintiffs their costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

e. Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiffs.

This 14th day of July, 2017.

                              */s/ Geraldine Sumter*
                              Geraldine Sumter
                              S. C. Bar No. 5439
                              Ferguson Chambers & Sumter, P.A.
                              309 East Morehead Street, Suite 110
                              Charlotte, North Carolina 28202
                              Telephone: (704) 375-8461; Fax: (980) 938-4867
                              Email: gsumter@fergusonsumter.com
                              Attorney for Plaintiffs